**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Dennis PRYCE, aka Seal A, Defendant–Appellant.**

No. 08–56989.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2011.

Filed Feb. 28, 2011.

Robert J. Keenan, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Mi-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

chael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

David R. Haberbush, Haberbush & Associates, LLP, Long Beach, CA, for Defendant–Appellant.

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Robert Pryce appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, and correct his sentence as a "second or successive" habeas petition. Pryce's subsequent § 2255 motion constitutes a "second or successive" motion because (1) his initial § 2255 motion was dismissed with prejudice and he failed to pursue his appeal of that dismissal, and (2) his subsequent § 2255 motion in the same matter asserts "claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir.2009) (per curiam) (citing *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.2008)).

Because Pryce failed to obtain the requisite authorization from "a panel of the ... court of appeals" under § 2255(h), the district court "never had jurisdiction to consider [Pryce's second or successive petition] in the first place." *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *see also* 28 U.S.C.

§ 2244(b)(3)(a) (*"Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added).

Accordingly, we dismiss for lack of jurisdiction.

**DISMISSED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.